IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPHINE CECILIO REYES,<br>Plaintiff,<br><br>v.<br><br>WHG PAYROLL INC., also known as "WURZAK HOTEL GROUP," and trading as "ELEMENT BY MARRIOTT AT KING OF PRUSSIA,"<br>Defendants. | CIVIL ACTION<br><br><br><br>NO.  22-3828 |

MEMORANDUM

HODGE, J.                                                                                                                          July 14, 2023

    Less than two weeks after returning to work after a Covid-19 hospitalization, Plaintiff, Josephine Cecilio Reyes was fired from her Housekeeping Manager position at Defendant's hotel, the Element by Marriott at King of Prussia.  (ECF No. 6 at 3, 5.)  Upon her return to work on February 16, 2022 from this hospitalization, Plaintiff alleges she provided Defendant with medical documentation indicating she required "light duty status" and was scheduled for surgery on March 17, 2022 for Pyelonephritis – a severe, and potentially life-threatening, kidney infection she was diagnosed with during her hospital stay.  (*Id.* at 4.)  Plaintiff informed Gabe Guzman, the Director of Talent and Culture, that she was continuing "to experience a severe kidney infection that would require ongoing treatment" and requested leave from work for her scheduled surgical procedure.  (*Id.*)  But rather than receive "light duty status," Plaintiff alleges she instead was asked to "clean many rooms by herself."  (*Id.* at 5.)  She states Mr. Guzman also never provided "any ADA reasonable accommodation paperwork and/or otherwise engage[d] in any interactive process regarding. . .[Plaintiff's] request for leave from work."  (*Id.* at 4.)  And on at least one occasion,

Plaintiff claims she was asked to clean the 120-room hotel, alongside two other employees, when, according to her, ten housekeepers were required to do the job. (*Id.*)

Nine days after returning to work, on February 25, 2022, and after Plaintiff provided the medical documentation to Defendant, Plaintiff alleges she was given a "Plan" regarding alleged "Leadership" and "Communication and Professionalism" performance issues. (*Id.*) According to Plaintiff, this "Plan" was "pretextual" and was based on performance issues that "did not exist." (*Id.*) On February 26, 2022, Plaintiff claims a minimum of thirty (30) rooms required cleaning, many of which she did by herself. (*Id.* at 5.) As she was attempting to do her job, she received "repeated telephone calls and texts from the front desk asking for clean rooms" and was harassed throughout the day, resulting in her making a formal complaint. (*Id.*) On February 28, 2022 – three days after receiving the "Plan," and two days after Plaintiff made a formal harassment complaint – Plaintiff reported to work to learn that she was terminated, effective immediately. (*Id.*) Defendant now argues in their Motion to Dismiss, that dismissal of Plaintiff's Americans with Disabilities Act ("ADA") claims are warranted because: (1) Plaintiff was not "disabled" within the meaning of the ADA; (2) she fails to sufficiently allege she requested a "reasonable accommodation"; and (3) she fails to plead sufficient facts to connect her termination to disability discrimination and retaliation. (ECF No. 8-1.) The Court finds that Plaintiff has met the pleading requirements to state a claim against Defendant under the ADA for disability discrimination, failure to accommodate, and retaliation. Therefore, for the reasons that follow, the Court denies Defendant's Motion.

1. **Discussion**

    Defendant argues that Plaintiff fails to satisfy the ADA's "disability" definition because Plaintiff "fails to describe *how*" her condition, Pyelonephritis, substantially limited her ability to

work." (ECF No. 8-1 at 8.) Defendant also claims that Plaintiff "has not pled facts to plausibly show that she requested an accommodation that Defendant did not provide" and therefore, this Court should dismiss her failure to accommodate and retaliation claims. (*Id.* at 8, 14.) Next, Defendant argues that there are insufficient facts to suggest Plaintiff's alleged disability was the reason for her employment termination or that decisionmakers played a role. (*Id.* at 10 n. 2, 16.) Defendant also argues that the almost two-week time between when Plaintiff informed Defendant of her surgery and her termination is too long of a time-period to show "temporal proximity" for her retaliation claim. (*Id.* at 15.)

Plaintiff's allegations, though succinct, satisfy the federal notice pleading standard for her ADA claims. The Federal Rules of Civil Procedure "require notice pleading, not fact pleading" by specifying that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Jones v. Select Portfolio Servicing, Inc.*, Civ. No. 08-972, 2008 U.S. Dist. LEXIS 33284 at * 5 (E.D. Pa. April 22, 2008); Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiff. *Powell v. Weiss*, 757 F.3d 338, 341 (3d Cir. 2014) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Igbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Tombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the plausibility standard "does not impose a probability requirement," *Twombly*, 550 U.S. at 556, it does require a pleading to show "more than a sheer possibility that a defendant has

3

acted unlawfully," *Iqbal*, 556 U.S. at 678.  Nonetheless, an "evidentiary standard is not a proper measure of whether a complaint fails to state a claim." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d. Cir. 2009).  Rather, to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted.  If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." *Alston v. Parker*, 363 F.3d 229, 233 n. 6 (3d Cir. 2004).

Plaintiff claims she was fired twelve days after returning from a Covid-19 hospitalization and providing Defendant with documentation that she was diagnosed with Pyelonephritis during her hospital stay.  (ECF No. 6 at 3-5.)  Plaintiff alleges she requested time off for surgery and supplied medical documentation indicating that she required "light duty status," but that both requests were ignored.  (*Id.*)  She also alleges that Defendant failed to engage in any interactive process with her whatsoever to determine a reasonable accommodation.  (*Id.* at 4.)  Instead, after asking for accommodations, she claims Defendant, rather than grant her requests or otherwise engage in an interactive process, gave her a "Plan," and then used the "Plan," as a pretext to terminate her on account of her disability.  (*Id.*)  These allegations are more than sufficient at this stage of the proceedings.  Plaintiff need not detail all the conversations surrounding her request for a reasonable accommodation or at a granular level, how a severe kidney infection substantially limited her ability to work and was an ongoing concern.  Nor is Plaintiff required to submit evidentiary support that Defendant terminated her employment as a result of her disability.  The standard is not whether the Plaintiff can prove her contentions.  Rather, at the motion to dismiss stage, this Court accepts Plaintiff's allegations as true and draws all reasonable inferences in her favor.

Defendant's attempt to compare Plaintiff's allegations to distinguishable cases is unavailing. For instance, unlike *Sally-Harriet v. N.C Children Servs.,* and *Nase v. Bucks County Housing Authority*, where the plaintiffs submitted physician notes stating they could perform their duties without impediment, here, Plaintiff alleges she submitted medical documentation indicating she required "light duty status" and surgery. *See Sally-Harriet v. N.C Children Serv.*, Civ. No. 17-4695, 2019 U.S. Dist. LEXIS 50985, at *13 (E.D. Pa. Mar. 26, 2019) (plaintiff failed to allege disability discrimination after she returned to work from gallbladder surgery with a doctor's note stating that she was cleared for "full duty"); *Nase v. Bucks County Housing Authority*, Civ. No. 16-02417, 2016 U.S. LEXIS 161644, at * 6-7 (E.D. Pa. Nov. 21, 2016) (plaintiff failed to adequately allege disability after his physician wrote a note indicating he was "fully competent and capable of working forty hours each week without a problem"). Plaintiff does not allege she suffers from a vague condition with no indication as to whether she needs ongoing treatment; rather, Plaintiff claims she was officially diagnosed with a severe and potentially life-threatening kidney infection, Pyelonephritis, and that Defendant was given notice she required surgery and "light duty status." *See Sally-Harriet*, 2019 U.S. Dist. LEXIS 50985, at * 11 (plaintiff alleged "health conditions related to her abdomen and stomach, including gastrointestinal issues" along with "conclusory statements" that these symptoms "substantially limited one or more life activity" with "no mention of an official diagnosis"); *Butler v. BTC Foods, Inc.*, Civ. No. 12-492, 2012 U.S. Dist. LEXIS 151582, at * 10 (E.D. Pa. Oct. 19, 2012) (plaintiff failed to allege that "his hernia is anything more than a one-time occurrence" and vaguely asserted treatment for depression).[1]

---

[1] In one of these cases, there was an issue as to whether the plaintiff even properly exhausted his claims. *Butler*, 2012 U.S. Dist. LEXIS 151582, at * 15. Further, though the court dismissed the plaintiffs' complaints in two of those actions, it did so without prejudice to the plaintiffs' right to file an amended complaint. *Butler*, 2012 U.S. Dist. LEXIS 151582, at * 16; *Sally-Harriet*, 2019 U.S. Dist. LEXIS 50985, at * 28.

Plaintiff's condition, even if temporary, can qualify as a disability. *See* 29 C.F.R. § 1630.2(j)(1)(ix) ("[t]he effects of an impairment lasting or expected to last fewer than six months can be substantially limiting. . ."); *see, e.g., Wainberg v. Dietz & Watson, Inc.*, Civ. No. 17-2457, 2017 U.S. Dist. LEXIS 195196, at *2 (E.D. Pa. Nov. 28, 2017) (holding that hernia, despite it being a temporary condition, qualified as a disability under the ADA). Defendant states there is "no allegation" in the First Amended Complaint "that Plaintiff actually requested time off to undergo surgery as an accommodation for her alleged disability" despite acknowledging she "request[ed]. . . leave for the March 17, 2022 surgery." (ECF No. 8-1 at 13.) A request for leave for surgery, when not open-ended and indefinite, can qualify as a "reasonable accommodation" and also, as a "protected activity." *See Conoshenti v. Pub. Serv. Elec. & Gas Co.,* 364 F.3d 135, 151 (3d Cir. 2004) (holding that a request for medical leave is a protected activity under the ADA); *Bernhard v. Brown & Brown of Lehigh Valley, Inc.*, 720 F. Supp. 2d 694, 701 (E.D. Pa. 2010) (stating that a medical leave can be a reasonable accommodation); *Fogleman v. Greater Hazleton Health All.*, 122 F. App'x 581, 586 (3d Cir. 2004) (open-ended and indefinite request for time off is not a reasonable accommodation); *McFadden v. Biomedical Sys. Corp.*, Civ. No. 13-4487, 2014 U.S. Dist. LEXIS 2363, at *5 (E.D. Pa. Jan. 9, 2014) (noting that a medical leave to undergo surgery is a reasonable accommodation). Defendant "cannot merely dismiss . . . [Plaintiff's] request[s] out of hand as unreasonable. Indeed, that is precisely the type of employment practice the ADA seeks to avoid by requiring employees and employers to engage in the interactive process." *Bernhard.*, 720 F. Supp. 2d at 701; *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 311 (3d Cir. 1999); 29 C.F.R. § 1630.2(o)(3) ("[t]o determine the appropriate reasonable accommodation it may be necessary for the covered entity to initiate an informal, interactive process with the individual with a disability in need of the accommodation."). Plaintiff alleges she

was terminated from her position after she reported her condition, submitted medical documentation, requested leave for surgery, and filed a grievance for harassment. (ECF No. 6 at 3-4.) While all of this occurred in an approximately two-week timespan, she alleges a course of retaliatory conduct over this period. In particular, she claims Defendant: (1) required her to clean rooms by herself while the facility was understaffed despite her medical documentation stating she required "light duty status"; (2) harassed her throughout the day culminating in Plaintiff filing a formal complaint; and (3) used an alleged pretextual performance "Plan" that preceded Plaintiff's termination by three days to fire her. (*Id.* at 3-5.) Based on these allegations, whether a two-week timeframe from Plaintiff disclosing her condition to her termination could be viewed as cutting against her claims, as Defendant argues it does, is not what the applicable standard of review allows at this point. The Court must adhere to the requirement that all alleged facts be construed in the light most favorable to Plaintiff, which, if done, supports a reasonable inference of a causal connection that her termination was due to her disability and request for leave for surgery.[2]

---

[2] Defendant does not dispute that requesting medical leave can be a "protected activity." (ECF No. 8 at 14.) Nonetheless, Defendant claims that Plaintiff fails to sufficiently allege she requested an accommodation from a "decisionmaker" and engaged in a protected activity despite providing preadmission surgery paperwork and a doctor's note stating she required "light duty status" to Mr. Guzman. (*Id.*) Defendant reasons that its "awareness of Plaintiff's surgery, including that Plaintiff provided Defendant with pre-admission paperwork, is insufficient to plausibly plead that she ***actually requested leave*** as a reasonable accommodation." (*Id.* at 15.) In doing so, Defendant seems to suggest that by not using the magic words "I request an accommodation," that Plaintiff's claim must fail at the motion to dismiss stage. This argument contradicts the actual allegations in Plaintiff's First Amended Complaint wherein she claims that upon her "return to work, she also explained to Director of Talent and Culture Guzman that she was continuing to experience a severe kidney infection that would require ongoing treatment, including hospitalization for a surgical procedure" and that "[a]s a consequence of the anticipated surgical procedure Reyes would require a leave from work." (ECF No. 6 at 4.) Defendant's argument is also contradictory to the standard at this stage of the proceedings where the Court must construe the alleged facts in a light most favorable to Plaintiff. Plaintiff's allegation that she provided Defendant with preadmission surgery paperwork with a scheduled surgery date combined with her statements to Mr. Guzman supports a reasonable inference that she was requesting leave for her scheduled surgery.

Defendant's arguments are more appropriate after the conclusion of discovery on a motion for summary judgment, and not on a motion to dismiss. Accordingly, the Court denies Defendant's Motion.

**BY THE COURT:**

/s/ **Hon. Kelley B. Hodge**

**HODGE, KELLEY B., J.**
